## Case No. 14,947.

### UNITED STATES v. DENNEE et al.

[3 Woods, 39.] [2]

Circuit Court, D. Louisiana. April Term, 1877.

SUBORNATION OF PERJURY — INDICTMENT — AVERMENTS.

1. Subornation of perjury is in its essence but a particular form of perjury itself.

2. An indictment for subornation of perjury must aver that the defendant knew that the testimony which he instigated the suborned witness to give was false, and that in giving such testimony the witness would willfully and corruptly commit the crime of perjury.

[Cited in U. S. v. Evans, 19 Fed. 912; U. S. v. Thompson. 31 Fed. 335; U. S. v. Edwards, 43 Fed. 67.]

[Cited in People v. Ross (Cal.) 37 Pac. 379; Cryne v. People, 124 Ill. 25, 14 N. E. 671; State v. Geer (Kan. Sup.) 30 Pac. 237.]

Indictment for subornation of perjury. Heard on demurrer.

The indictment contained two counts. The first alleged the pendency in the United States court of claims, of a suit brought by one Harriet Mills, who claimed to be a loyal citizen of the United States, against the United States to recover from the treasury the proceeds of one hundred bales of cotton which she alleged were her property, and which were taken in August, 1874, by the United States military forces, turned over to the officers of the treasury department, and afterwards sold and the proceeds amounting to $40,000, paid into the treasury of the United States, and that said court had jurisdiction to pass upon said claim; that on May 10, 1875, at the city of New Orleans, the defendants, R. Stewart Dennee, lawyer, and Samuel Gamage, yeoman, "unlawfully, corruptly, wickedly and maliciously did solicit, suborn and instigate and endeavor to persuade, and did then and there suborn, instigate, and procure one Martha L. Knight to appear before one Robert H. Shannon" United States circuit court commissioner, authorized by law to administer oaths, etc., "and did then and there wickedly and corruptly instigate and procure the said Martha L. Knight to give evidence and her deposition in said issue, * * * and upon her corporal oath, duly administered according to law, to falsely swear and give evidence to certain matters material and relevant to the said issue, and to matters therein and thereby put in issue to the effect following, that is to say." The first count of the indictment then set out certain questions and the answers thereto, given by the said Knight, which was followed by a traverse of the truth of each and every answer given by her as set out in the indictment. The count then concluded as follows: "Whereas in truth and in fact she, the said Martha L. Knight, on or about, or concerning the matters touching which, she in her said deposition, did declare and testify had no knowledge or belief of the truth thereof in so far as any and all matters by her sworn to, stated and deposed as aforesaid in her said deposition aforesaid, were or are material to the issue so joined in the said court of claims as aforesaid. there and then at no time when she did so swear, depose and her evidence give as aforesaid contrary to the form of the statute, etc." The second count set out in substantially the same manner as the first the pendency and nature of the suit of Mills against the United States in the court of claims, the jurisdiction of the court over the cause, and then proceeded to aver that the defendants, at New Orleans, on the 10th day of March, 1875, "did unlawfully, corruptly, wickedly solicit, suborn and instigate, and endeavor to persuade, and did then and there suborn and instigate and procure one Martha L. Knight to appear as a witness in said cause, * * * and did so wickedly and unlawfully, as aforesaid, cause and procure the said Martha L. Knight then and there * * * to appear before one Robert H. Shannon" who was a commissioner of the United States circuit court, authorized to administer oaths, "and did then and there wickedly and corruptly instigate and procure the said Martha L. Knight to give evidence and her deposition in said issue, * * * and to falsely swear and give evidence to certain matters material and relevant to the said issue" to the effect

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

following, that is to say. Then followed a statement of certain questions propounded to the said Martha L. Knight, and her answers thereto under oath and a traverse seriatim of each and every answer so set out. The second count then concluded with the same averments as the first.

The demurrer was based on the alleged ground that the indictment did not set out any offense against the laws of the United States.

W. H. Hunt, John Ray, and F. W. Baker, for the demurrer.

John H. New, Asst. U. S. Atty.

WOODS, Circuit Judge. The crime of subornation of perjury has several indispensable ingredients which must be charged in the indictment or it will be fatally defective: (1) The testimony of the witness suborned must be false. (2) It must be given willfully and corruptly by the witness, knowing it to be false. (3) The suborner must know or believe that the testimony of the witness given, or about to be given will be false. (4) He must know or believe that the witness will willfully and corruptly testify to facts which he knows to be false. A careful scrutiny of the counts of this indictment fails to reveal any averment that the defendants knew or believed that the testimony of the witness whom they are charged with suborning would be false, or that they knew it was false, or that they knew that the witness knew it was false, or that they knew that she would willfully and corruptly testify, or had willfully and corruptly testified to facts as true, knowing them to be false.

To make a good indictment for subornation of perjury the false swearing must be set out with the same detail as an indictment for perjury, and the indictment must charge that the defendants procured the witness to testify knowing that the testimony would be false, and knowing that the witness knew that the testimony he had given, or was about to give, was false, and knowing that he would corruptly and willfully give false testimony. In the case of Com. v. Douglass, 5 Metc. [Mass.] 241, the defendant was indicted for subornation of perjury. On the trial the court below instructed the jury that "if it was proved to them beyond a reasonable doubt that the defendant on the former trial for forgery (referred to in the indictment) put Fanny Crossman on the stand or caused her to be put on the stand as a witness, knowing that she would testify as set forth in the indictment, and intending that she should so testify, and he put her on the stand, or caused her to be put on the stand for the purpose of her so testifying, and she did so testify and such testimony was false, and he knew when he put her on the stand, that if she did so testify her testimony would be false; it would be sufficient to prove that part of the indictment which alleged that defendant suborned Fanny Crossman to commit perjury as set forth in the indictment."

This charge was assigned for error, and the supreme judicial court in passing upon it said: "The remaining exception to the charge of the presiding judge is of more importance, and is, we think, well founded. The jury were instructed that if certain facts stated in the exceptions were proved beyond reasonable doubt, it would be sufficient proof of that part of the indictment which charged that the defendant suborned Fanny Crossman to commit perjury. Now, we are of opinion that all these facts might exist and yet the defendant might not be guilty of the crime charged in the indictment. The defendant might know or believe—for he could not know with certainty—that the witness whom he called would testify as she did, and he might know that her testimony would be false, but if he did not know that she would willfully testify to a fact knowing it to be false, he could not be convicted of the crime charged. If he did not know or believe that the witness intended to commit the crime of perjury, he could not be guilty of the crime of suborning her. To constitute perjury the witness must willfully testify falsely, knowing the testimony given to be false. 1 Hawk. P. C. c. 69, § 2; Bac. Abr. 'Perjury,' A; 2 Russ. Crimes, 1753. A witness, by mistake or defect of memory, may testify untruly without being guilty of perjury or any other crime." Subornation of perjury is in its essence but a particular form of perjury itself. 2 Bish. Cr. Law, § 1197. See, also, Whart. Prec. Ind. pp. 598, 599, forms c, d. See, also, form of indictment in Archb. Cr. Pl. & Ev. pp. 575, 577. See same form, 2 Bish. Cr. Proc. § 878; State v. Carland, 3 Dev. 114.

Tested by these authorities, both counts of the indictment are bad, first, because they do not aver that the defendants knew that the testimony which they instigated the witness to give was false, and second, because there is no averment that the defendants knew that the witness knew that the testimony she was instigated to give was false.

Demurrer sustained.

[NOTE. The defendants were, at the same term of the court, indicted for conspiracy with intent to defraud the United States. A demurrer to the indictment was overruled. See Case No. 14,948.]