UNITED STATES *v.* EDWARDS.[1]

(*Circuit Court, S. D. Alabama.* April 14, 1890.)

PERJURY—INDICTMENT—"WILLFULLY."

An indictment for perjury under Rev. St. § 5392, must allege, among other things, that the false oath was taken willfully; and an allegation that it was corruptly taken does not embrace the element of willfulness.

Demurrer to Indictment for Perjury.

*M. D. Wickersham,* Dist. Atty., for the United States.

*J. J. Parker,* for defendant.

TOULMIN, J. To constitute perjury, it is essential that the oath was administered in the manner prescribed by law, and by some person duly authorized to administer the same, in the matter wherein it was taken. The false statement must be material to the issue in the case in which it was made, and it must be willfully made. *U. S.* v. *Stanley,* 6 Mc-Lean, 409. Perjury cannot be committed unless the person taking the oath not only swears to what is false, or what he does not believe to be true, but does so willfully. *U. S.* v. *Dennee,* 3 Woods, 39; *U. S.* v. *Evans,* 19 Fed. Rep. 912; 3 Greenl. Ev. § 189; 2 Bish. Crim. Law, §§ 1017–1046; *U. S.* v. *Hearing,* 26 Fed. Rep. 744. Rash or reckless statements on oath are not perjury, but the oath must be willfully corrupt. Authorities *supra,* and *U. S.* v. *Moore,* 2 Low. 232. The Revised Statutes of the United States, § 5392, under which this indictment is found, makes it of the essence of the offense of perjury that it be committed willfully. *U. S.* v. *Shellmire,* Baldw. 378. But it is contended by the district attorney that the word "corruptly," used in the indictment, is the equivalent of "willfully." The understanding of the court is that the two words have an entirely different meaning. "Corruptly" means viciously, wickedly. "Willfully" means with design, with some degree of deliberation. To say that testimony was corrupt is to say that it was wicked or vicious, whereas, to say that it was willful is to aver that it was given with some degree of deliberation; that it was not due to surprise, inadvertence, or mistake, but to design. The statute uses the word "willfully," and makes it of the essence of the offense; and the court is not persuaded that the averment that a false oath was corruptly taken is of the same import as the averment that it was willfully taken. The court being of the opinion that willfulness is an essential ingredient for the offense of perjury under section 5392, Rev. St., it must be charged in the indictment, or the indictment will be bad.

The first count in the indictment under consideration does not aver with distinctness before what tribunal, officer, or person the oath was made, or by whom it was administered; and it fails to aver that the matter subscribed and stated by the defendant was so subscribed and stated by him willfully, and contrary to such oath. And the second

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

count in the indictment also fails to aver that the defendant willfully, and contrary to the oath taken by him, stated and testified to matters which he did not believe to be true. The demurrers to the indictment on the grounds stated are well taken, and they are sustained.