## UNITED STATES v. LAKE.

(District Court, E. D. Arkansas, W. D. April 27, 1904.)

1. BANKRUPTCY—SCHEDULES—FALSE OATH—INDICTMENT—MATERIALITY.

Where an indictment against the president of a bankrupt corporation for making a false oath to its schedules alleged that the corporation was adjudged a bankrupt; that defendant, as its president, in compliance with the bankruptcy law, did file in the bankruptcy proceeding with the referee the schedules required by law, subscribed and sworn to by him as president, etc.; that defendant stated on his oath that such schedules contained a true and complete statement of all the corporation's property; and that the statement that the bankrupt corporation had then on hand only the sum of $100, which was all the money the corporation then and there had—was false, such indictment followed the strict language of Bankr. Act July 1, 1898, c. 541, § 29, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], and sufficiently showed the materiality of the false statement, without an express averment thereof.

2. SAME—DESCRIPTION OF ASSETS.

In an indictment against the president of a bankrupt corporation for making a false oath to its schedules, a description of the assets charged to have been fraudulently and knowingly omitted from such schedules as "one hundred and fifty thousand dollars in lawful money of the United States" was sufficiently specific.

3. SAME—BANKRUPT ACT—CONSTRUCTION—CONCEALMENT OF ASSETS—PERSONS LIABLE.

Bankr. Act July 1, 1898, c. 541, § 29, par. "b," cl. 1, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], providing that a person shall be punished by imprisonment on conviction of having knowingly and fraudulently concealed, while a bankrupt or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy, must be strictly construed, and does not include officers of a corporation declared a bankrupt; the term "bankrupt" being defined by section 1, par. 4, to include a person against whom an involuntary petition, or an application to set a composition aside, or to revoke a discharge has been filed, or who has filed a voluntary petition, or has been adjudged a bankrupt.

4. PERJURY—INDICTMENT—WILLFULNESS.

In a prosecution for perjury in violation of Rev. St. § 5392 [U. S. Comp. St. 1901, p. 3653], providing that every person who, having taken an oath before a competent officer, in any case in which a law of the United States authorizes an oath to be administered, that he will testify truly, willfully states any material matter which he does not believe to be true, is guilty of perjury, an indictment failing to charge that defendant took an oath, alleged to be false, "willfully," was fatally defective.

On Demurrer to Indictment.

William G. Whipple, U. S. Atty.

Campbell & Stevenson, for defendant.

TRIEBER, District Judge. The indictment in this case contains six counts. The first, fourth, fifth, and sixth are based upon section 29b (2) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]), and charge the defendant with making a false oath to the schedule of assets of the Alphin & Lake Cotton Company, a bankrupt corporation of which the defendant was president. These counts are all identical, except that the first count charges a concealment of $150,000 in lawful money, and each of the other counts above mentioned charges a concealment of certain choses in

action, describing them as "a debt due from certain designated persons to the bankrupt corporation for money had and received." The material facts charged in the first count, of which the other counts above mentioned are practically copies, except as to the amount and description of the property concealed, are as follows:

"That the Alphin & Lake Cotton Company, a corporation created and organized under the laws of the state of Arkansas, was heretofore, on the 20th day of February, A. D. 1903, adjudicated a bankrupt by the bankrupt court of the United States for the said district and division, and Edward H. Lake, late of said district and division, on the 5th day of May, A. D. 1903, in the said district and division, and within the jurisdiction of this court, did then and there, in compliance with the bankrupt law of the United States, file in the bankruptcy proceedings aforesaid, with Patrick C. Dooley, the referee in bankruptcy duly appointed by said bankrupt court, a certain schedule as required by said law, which schedule was signed 'Alphin & Lake Cotton Company, by Edward H. Lake, President,' of which schedule the following is a copy, to wit."

And then follows the schedule of assets, and the oath prescribed by law, and then the indictment proceeds as follows:

"That the said schedule was by the said defendant then and there subscribed and sworn to before one James H. Stevenson, then and there a notary public of the state of Arkansas, duly appointed, commissioned, and acting, and duly authorized as such to administer oaths in such cases, whereby and wherein the said defendant did then and there knowingly and fraudulently falsely state that the Alphin & Lake Cotton Company, in which said corporation the said defendant then and there held stock, and of which he was then and there the president, had then and there on hand only the sum of one hundred dollars ($100.00), which was all the money the said corporation then and there possessed, and did then and there further state that the said schedule was a statement of all the property and assets of the said company, both real and personal; whereas, in truth and in fact, the said corporation then and there had on hand, and in its possession and under its control, more than one hundred dollars ($100), to wit, the sum of one hundred and fifty thousand dollars ($150,000) lawful money of the United States, and whereas, in truth and in fact, the said schedule did not contain a statement of all the property of the said company, both real and personal, but said company did then and there have further assets not mentioned in said schedule, to wit, property and assets of the value of one hundred and fifty thousand dollars ($150,000) lawful money of the United States, as said defendant then and there well knew. Said defendant then and there thereby knowingly and fraudulently made a false oath and account in relation to a proceeding in bankruptcy, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

The demurrer challenges the sufficiency of these counts upon two grounds: First, because they fail to allege that the omissions from the schedules mentioned in each of the counts are "material"; and, second, that the description of the assets omitted from the schedules, to wit, $150,000 in lawful money, in one count, and the choses in action of $50,000 and choses in action for very large sums mentioned in the other counts, is not sufficiently specific to apprise the defendant precisely what he is called upon to defend.

As to the allegations of materiality, that is unnecessary, when the facts stated in the indictment are sufficiently full to show the materiality of the acts of omission. The statement in the indictment that the matters sworn to by the defendant, and which are alleged to have been false, are material, may be essential when the allegations in the

indictment are not so specific as to show their materiality; but, when the allegations of the indictment show the materiality of the alleged false statements made under oath, the court will determine that fact, and the allegation of the pleader that the statements were material would be but a conclusion of law and wholly superfluous. State v. Hayward, 1 Nott & McC. 553. The indictment in this case alleges the adjudication as a bankrupt of the corporation; that the defendant, as its president, did, in compliance with the provisions of the bankruptcy law file in the bankruptcy proceeding with the referee in bankruptcy the schedules required by law, subscribed and sworn to by him as president before a duly commissioned and acting notary public of the state of Arkansas, authorized as such to administer oaths; that the defendant stated upon his oath that said schedules contained a true and complete statement of all the property and estate of said corporation, both real and personal, etc.; and that the statement that the bankrupt corporation had then and there on hand only the sum of $100, and which was all the money the said corporation then and there had, was false, etc.

As the bankruptcy act requires such schedules to be filed by the bankrupt, or, if a corporation, by one of its officers, the materiality of the alleged false statement is apparent, and an allegation by the pleader that it is material can do nothing to aid, nor can its omission detract from, its effect in any way. The bankruptcy law (section 29) does not require an allegation of materiality; and as the indictment follows the language of the statute strictly, and tells the facts with sufficient accuracy to enable the defendant, in case of an acquittal or conviction, to plead, in case of an additional indictment being returned against him, a former acquittal or conviction, it is clearly sufficient. United States v. Gooding, 12 Wheat. 460, 6 L. Ed. 693; Cannon v. United States, 116 U. S. 55, 6 Sup. Ct. 278, 29 L. Ed. 561; Ledbetter v. United States, 170 U. S. 612, 18 Sup. Ct. 774, 42 L. Ed. 1162; Milstead v. Commonwealth (Ky.) 51 S. W. 451; State v. Byrd, 28 S. C. 18, 4 S. E. 793, 13 Am. St. Rep. 660. In United States v. Staats, 8 How. 41, 12 L. Ed. 979, the defendant was indicted for an offense which the statute declared to be a felony, and it was urged that, as the indictment failed to charge that the act of the defendant was committed feloniously, for that reason the indictment was defective; but the court held that, as the statute did not require the act to be done feloniously, it was unnecessary to charge it in the indictment.

Nor is it necessary to describe the assets charged to have been fraudulently and knowingly omitted from the schedules by the defendant with greater particularity than has been done. The description in the first count is "one hundred and fifty thousand dollars in lawful money of the United States," and in the other counts it describes the thoses in action, giving the amount and the parties from whom they are due. This description is sufficient to notify the defendant what proof he will be required to meet, and enable him to plead a former acquittal or conviction in case he is called upon to answer a new indictment for the same offense. Rex v. Hepper, Ryan & M. 210, cited by counsel, is not in point. In that case the indictment merely charged that "the schedule did not contain a full, true, and perfect

account of all debts owing to him at that time," without specifying what debts owing to him had been omitted. The court properly held that the indictment was defective. Had the indictment in this case failed to charge that he omitted one hundred and fifty thousand dollars in lawful money of the United States, the contention of the defendant would have been sustained, and Rex v. Hepper would have been in point. The demurrer to these four counts is, therefore, overruled.

The demurrer to the second count is sustained. That count charges a concealment of assets, under section 29b (1) of the bankrupt act; but this section only applies to the bankrupt, and not to others, even if officers of the bankrupt corporation. The language of the statute is:

"Concealed while a bankrupt or after his discharge from his trustee any of the property belonging to his estate in bankruptcy."

As this is a criminal statute, it must be strictly construed. The defendant is not a bankrupt. The act itself defines the meaning of the word "bankrupt." It says:

" 'Bankrupt' shall include a person against whom an involuntary petition or an application to set a composition aside or to revoke a discharge has been filed, or who has filed a voluntary petition or who has been adjudged a bankrupt." Section 1 (4), 30 Stat. 541 [U. S. Comp. St. 1901, p. 3418].

It does not include officers or agents of a corporation. In defining the word "person," the act does include officers, as well as all persons who are participants in the forbidden acts, and the agents, officers, and members of the board of directors or trustees, or other similar controlling bodies or corporations. Section 1 (19) of the bankruptcy act. No doubt, it was an oversight on the part of Congress not to include officers of corporations, who are the only persons who can file the schedules of assets and verify them by their oaths; but the courts are powerless to remedy the omissions of Congress.

The third count is for perjury, under section 5392, Rev. St. [U. S. Comp. St. 1901, p. 3653], based upon the same facts as set out in the first count. The defect in that count is the omission to charge that the defendant took the oath alleged to be false "willfully." This is a fatal omission, and for this reason the demurrer to that count must also be sustained. United States v. Dennee, 3 Woods, 39, Fed. Cas. No. 14,947; United States v. Edwards (C. C.) 43 Fed. 67.

The order of the court is that the demurrer to the second and third counts be sustained, and that to the first, fourth, fifth, and sixth counts be overruled.