*On Writ of Error, pending in United States Supreme Court.*

---

# THE UNITED STATES OF AMERICA *vs.* CHARLIE AH FOO.

## March 12, 1910.

*Indictment—Constitutional law:*  The Sixth Amendment does not require that the accused shall have a detailed statement of the charge against him, but only that he shall be informed of the nature and cause of that charge sufficiently to enable him to prepare his defense, and to plead the judgment in bar of a second prosecution for the same offense.

*Same—Statutory crimes:*  Where, by charging a statutory offense in the language of the statute the accused is sufficiently apprised of the nature of the accusation against him, it is sufficient that the indictment follows the language of the statute.

*Same—Importing opium:*  In an indictment for unlawfully receiving, buying, selling and concealing, and facilitating the purchase, sale, receipt and concealment of smoking opium and opium prepared for smoking, theretofore unlawfully brought into the United States from some foreign country, it is not necessary to set forth the name of the person from whom it is supposed the accused bought or received the opium, nor to set forth the name of the person to whom he is supposed to have sold it, nor is it necessary to allege the means by which the accused facilitated the purchase, sale, receipt or concealment of such opium.

*Criminal Law :*   Demurrer to indictment.

Indictment under act of Congress of February 9, 1909. (35 Stat. L. 614.)

*R. W. Breckons,* U. S. District Attorney, for the United States.

*A. S. Humphreys,* for the Defendant.

ROBERTSON, J.   The indictment in this case contains five counts.   The defendant demurred to the indictment and to each of the several counts, but his counsel has abandoned all points save the grounds of demurrer to the fifth count.

The fifth count charges that the defendant "on, to wit, the twentieth day of November, in the year of our Lord one thousand nine hundred and nine, in the district aforesaid and within the jurisdiction of this court, did then and there unlawfully, feloniously, fraudulently and knowingly, receive, buy, sell, and conceal, and facilitate the purchase, sale, receipt, and concealment of smoking opium and opium prepared for smoking, theretofore imported and brought into the United States, from some foreign country to the grand jurors unknown, on, to wit, the twentieth day of November, in the year of our Lord nineteen hundred and nine, contrary to law, then and there well knowing the said smoking opium and opium prepared for smoking to have been so imported and brought into the United States, from some foreign country to the grand jurors unknown, contrary to law; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

.The grounds of demurrer to this count are that it is not therein specified or alleged through what port or ports the opium was imported or brought into the United States; nor in what part or parts of the United States said opium was imported or brought in; nor is the name of the person from whom the defendant is supposed to have received the opium, nor the name of the person from whom he is supposed to have bought, or to whom he is supposed to have sold, the opium, stated; nor is it alleged how, or in what manner, or by what means the defendant facilitated the purchase, sale, receipt and concealment of the opium in said fifth count mentioned; also that the count is so vague, uncertain and indefinite as to amount to a denial of the right of the defendant, under the Sixth Amendment to

the Constitution of the United States, to be informed of the nature and cause of the accusation against him.

The main point relied on seems to be that this count is defective in that the name of the person from whom it is supposed that the defendant received or bought the opium, and the name of the person to whom it is supposed he sold the opium, are not stated.

Counsel, in support of his contention, cites cases holding that in an indictment for unlawfully selling intoxicating liquor the name of the person to whom the alleged sale was made should be stated, if known, or, if unknown, an allegation to that effect, as an excuse for not stating it, should be set forth.

On this proposition, the state cases seem to be about equally divided. See 11 Enc. Pl. & Pr. 547, and 23 Cyc. 232.

In the case of *Nelson v. United States,* 30 Fed. 112, where it appears that the defendant was charged in Alaska with the unlawful sale of certain intoxicating liquors, the defendant's demurrer to the indictment having been overruled, and after trial, a conviction being had, the judgment was affirmed.

Judge Deady there said (p. 117), "As to the last assignment of error,—the failure to name the vendee of the liquor in the indictment,—the authorities are not agreed on the question. Bish. St. Crimes, sec. 1037; 2 Whart. Crim. Law, sec. 1510. The last author says that the prevailing opinion is that in an indictment for selling spirituous liquors in small measure contrary to law, the name of the vendee need not be mentioned. But both authors incline to the opinion that, on principle, the name ought to be given, if known, and if not known, that fact ought to be averred as an excuse for the omission; and, in my judgment, such is the better practice. But I do not think this omission is a matter that can be alleged here as error. The name can only be required for the more convenient identification of the transaction. It is not a necessary ingredient of the offense, particularly where the prohibition to sell is general, irrespective of persons. If it was a case of prohibition to sell to a particular person or class of persons, as a woman or minors,

there would be more reason for holding that the name of the person to whom the sale was made is a necessary part of the statement of the offense."

If, as there held, the name of the person to whom an illegal sale is made is not a necessary ingredient of the offense, the rules of pleading would seem to render its statement unnecessary. An indictment that properly sets forth all the necessary ingredients which constitute an offense, and specifies time and place, ought to be proof against demurrer, though circumstances might require a bill of particulars. *United States v. Miyamura,* 2 U. S. Dist. Ct. Haw. 1.

The constitutional provision that in criminal prosecutions the accused is entitled to be informed of the nature and cause of the accusation does not require that the accused shall have a detailed statement of the charge against him, but only that he should be informed of the nature and cause of that charge sufficient to enable him to prepare his defense, and so that he may be enabled to plead a conviction or an acquittal in bar of a second prosecution for the same offense. *Burton v. United States,* 202 U. S. 344, 372.

The general rule is that it is sufficient for an indictment to charge a statutory offense in the language of the statute, where, by so doing, the accused is sufficiently apprised of the nature of the accusation against him. I think the indictment in the case at bar falls within that rule, and tested by it, is sufficient. *Ledbetter v. United States,* 170 U. S. 606, 612; *Peters v. United States,* 94 Fed. 127; *United States v. Lake,* 129 Fed. 499.

The statute here involved, the act of Congress of February 9, 1909, prohibits the importation of opium into the United States generally, with a proviso permitting the importation of opium and preparations and derivatives thereof, other than smoking opium and opium prepared for smoking, for medicinal purposes under regulations prescribed by the Secretary of the Treasury.

There being a general prohibition against importing smok-

ing opium and opium prepared for smoking, I hold that it is unnecessary to allege the particulars referred to in the demurrer.

In order to constitute an importing it is not necessary that the goods be brought in at a port of entry. See *Republic v. Anderson,* 10 Haw. 252.

That it is unnecessary to set forth in what manner, or by what means, the defendant facilitated the purchase, sale, receipt, and concealment of the opium, would seem clearly to follow from the ruling made in the case of *United States v. Simmons,* 96 U. S. 360, where it was held to be unnecessary to set forth in an indictment for unlawfully causing and procuring to be used a still or other vessel for the purpose of distilling in violation of the internal revenue laws, the means employed to effect the unlawful procurement. See *Coffin v. United States,* 156 U. S. 433.

The demurrer is overruled.