UNITED STATES v. ROSENSTEIN et al.

(District Court, E. D. New York. March 2, 1914.)

Nos. 1475–1478.

1. PERJURY (§ 25*)—INDICTMENT—MATERIALITY.

Where an indictment for perjury, alleged to have been committed before a referee in bankruptcy, charged that the referee was investigating the affairs of the bankrupt, and that the answers to the questions put were material with respect to the financial condition of the bankrupt's business and the amount of the bankrupt's assets and liabilities, it sufficiently alleged that the matter inquired about was material, unless it was apparent from the subject-matter of the allegation that it was not so in fact.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82–89; Dec. Dig. § 25.*]

2. PERJURY (§ 11*)—MATERIALITY OF TESTIMONY—EXAMINATION OF BANKRUPT—SCOPE.

An inquiry as to the assets or liabilities of a bankrupt before the referee may be carried back as far as is necessary to determine the facts, and everything bearing on the question of assets or liabilities at the time of bankruptcy is material.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 38–54; Dec. Dig. § 11.*]

3. INDICTMENT AND INFORMATION (§ 147*)—DEMURRER—GROUNDS—PERJURY—IMMATERIALITY.

Immateriality, as a defense to an indictment for perjury, alleged to have been committed on the examination of a bankrupt before the referee, could not be raised on demurrer to the indictment, unless the immateriality was apparent.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 490–494; Dec. Dig. § 147.*]

4. BANKRUPTCY (§ 494*)—OFFENSES—INDICTMENT — ASSETS — CONCEALMENT — "BANKRUPT"—"PERSON."

Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), makes concealment of assets a crime when committed by a person having knowingly and fraudulently concealed, while a bankrupt or after his discharge, any of the property belonging to his estate in bankruptcy, and section 1, subd. 19, defines a "bankrupt" as a person against whom a petition has been filed, or who has filed a voluntary petition to be adjudged a bankrupt;• the word "person" including corporations and officers, partnerships, etc., and, when used to refer to the commission of forbidden acts, including persons who are participants therein as agents, officers, and members of the board of directors or trustees or other controlling bodies of corporations. Section 29b, subd. 4, also makes it a crime for any person to receive any material amount of property from a bankrupt after the filing of the petition, with intent to defeat the act. Held, that counts of an indictment against individuals, alleging that the bankrupt had many provable claims and insufficient assets to pay the same, and that, while the "company" was bankrupt, the defendant (an individual) did conceal from the trustee in bankruptcy the proceeds of a certain sale of the bankrupt's property, etc., but failing to allege, however, any receipt of assets by the defendant after the filing of the petition

or any act or acts by the defendant as an officer or agent or accessory for the bankrupt corporation, were demurrable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 911; Dec. Dig. § 494.*

For other definitions, see Words and Phrases, vol. 1, pp. 700, 701; vol. 8, p. 7587; vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

5. CONSPIRACY (§ 43*)—INDICTMENT—CONCEALMENT OF ASSETS OF BANKRUPT.

An indictment charged three defendants jointly with conspiracy to conceal or continue and accomplish the concealment of assets belonging to the estate of a bankrupt corporation from the trustee in bankruptcy, charging that the business of the bankrupt was conducted by the three defendants as its officers, specifying the offices held by each, charging that they, as individuals, "did business as aforesaid," and planned to sell the corporation's outstanding accounts and conceal the proceeds which 'were to be paid to the three defendants for the assignment of the accounts of the bankrupt corporation, with intent to defraud its creditors, and ·charging the defendants with conspiring, in anticipation of the election of a trustee in bankruptcy, to conceal from such trustee, while the corporation ·should be a bankrupt, the property which should then and there belong to the bankrupt's estate. *Held*, that the indictment sufficiently charged a conspiracy, to which the corporation, through its officers and agents, was a party, to conceal assets on behalf of the corporation, and was not objectionable for failure to definitely allege the corporation's insolvency at the time of selling the assets.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. § 43.*]

6. CONSPIRACY (§ 43*)—ASSETS OF BANKRUPT—CONCEALMENT—DEMAND FOR REPAYMENT.

An indictment against the officers of a corporation for conspiracy to · conceal its assets from a trustee in bankruptcy to be appointed was not objectionable for failure to allege that the assets concealed had been demanded of the defendants and delivery refused.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. § 43.*]

Indictments were found against Harry Rosenstein and others collectively, and also individually. On demurrer to the individual indictments. Sustained in part, and overruled in part.

William J. Youngs, U. S. Atty., and Samuel J. Reid, Jr., Asst. U. S. Atty., both of Brooklyn, N. Y.

J. Stewart Ross and Leroy W. Ross, both of Brooklyn, N. Y., for defendants.

CHATFIELD, District Judge. Demurrer has been interposed to the individual indictments by each of the above-named defendants.

[1] These indictments charge the customary facts relating to the institution and progress of a bankruptcy proceeding to the point of examination before the referee at the first meeting. The defendant in each case is alleged to have been called as a witness, properly sworn, and questioned before the referee, who is alleged to have had authority to administer the oath and conduct the examination. Each indictment is attacked because the transactions in question had to do with the keeping of books or the making of financial statements in 1909, while the filing of the bankruptcy petition occurred upon May 29, 1913.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is no allegation of insolvency in 1909, and no statement of the evidence which the government intends to produce connecting the present situation with that shown by the books of the earlier year, or tracing the assets from the financial statements of that year to 1913.

The indictment, however, does allege that the referee was investigating the affairs of the bankrupt, and that the answers to the questions put were material "with respect to the financial condition of the business of the said bankrupt and with respect to the amount of assets and liabilities of the said bankrupt." It is evident that the questions would be upheld if they were material to any step in the bankruptcy proceeding. The question under discussion is not one of refusal to testify, nor was it raised by objection interposed as to "materiality."

[2] An inquiry as to assets or liabilities may be carried back as far as is necessary, and everything bearing upon the question of assets or liabilities at the time of bankruptcy (which is the time to which the sentence above quoted relates) was material to the inquiry. An allegation in the indictment that inquiry as to assets or financial statements at some previous time was material is a sufficient averment of fact, unless it is apparent that the subject-matter of the allegation is not in fact material to the issue charged.

[3] Immateriality as a defense to a perjury indictment would have to be raised upon testimony and not upon demurrer, unless the immateriality is apparent. It perhaps could be judged upon the government's case, but cannot be tested upon the general allegations of the indictment, if the acts of the bankrupt or its agents were matters under inquiry, and if a question of fact, in its nature material to that inquiry, and stated to be connected with the transactions entering into the filing of the petition, is the subject-matter of the questions under investigation. U. S. v. Lake (D. C.) 129 Fed. 499, at page 501.

The demurrer, therefore, to counts 1 and 2 of indictments Nos. 1476 and 1477 and to count 1 of indictment No. 1478 should be overruled, and the defendants directed to plead thereto. A further count has been inserted in each indictment alleging the pendency of the bankruptcy proceedings, the appointment of the receiver, election of a trustee, and the general reference to a referee in the Matter of the United Metal Bedstead Co.

[4] This count in each indictment further alleges that the bankrupt had a large number of provable claims and insufficient assets to pay the same, and that, while the "company" was bankrupt, the defendant (an individual) did conceal from the trustee in bankruptcy the proceeds of a certain sale of property of the bankrupt (which proceeds had been paid over to the bankrupt) and certain other property of the bankrupt to the grand jurors unknown.

There is no allegation in any one of these counts that there was concealment by the bankrupt, nor that the three individuals mentioned as defendants were acting for the bankrupt or concealing the property for the bankrupt. The other counts of the indictment indicate that these individuals were officers of the corporation, but these other counts are not included in the counts under discussion, even by refer-

ence, and the counts in question must therefore be judged as to sufficiency from the statements contained in the counts themselves.

As was held in U. S. v. Lake, supra, 129 Fed. at page 502, the bankruptcy statute makes concealment of assets a crime under section 29b (1) when committed by a person "having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy." The statute also defines the word "bankrupt" to be a person "against whom a petition has been filed, or who has filed a voluntary petition or been adjudged a bankrupt." The word "person" includes corporations and officers, partnerships, and women (section 1 [19])," and when used with reference to the commission of acts which are herein forbidden shall include persons who are participants in the forbidden acts, and the agents, officers, and members of the board of directors or trustees, or other similar controlling bodies of corporations" (19). Section 29b (4) makes it a crime for any person to "receive any material amount of property from a bankrupt after the filing of the petition, with intent to defeat this act."

The matter contained in the last count of each of the indictments under discussion would seem to relate to the receipt of assets prior to bankrputcy, and, following the decision in U. S. v. Lake, supra, the conspiracy section of the Criminal Code (section 37 of the Act of March 4, 1909, c. 321, 35 Stat. 1096 [U. S. Comp. St. Supp. 1911, p. 600]), or the sections as to accessories (332–333), would be the only provisions under which an outsider or third party could be prosecuted for concealing assets in contemplation of claim thereto or search therefor by a trustee.

The counts under discussion do not allege any receipt of assets after the filing of the petition, nor do they show any act by officers acting for the corporation. Nor do the counts allege concealment from the trustee by the corporation, with participation therein by the defendants named, under section 1(19) and section 332 of the Penal Code, nor do these counts set forth a conspiracy. The precise language of the counts could only be supported as a general charge of the concealment of property which apparently belonged to another person, and this, while forbidden under the Penal Code of the state of New York, is not specifically made a crime by any section of the United States law, unless brought within the definition of larceny or the provisions above recited. The demurrer to these counts must be sustained.

[5] The joint indictment charging the three defendants with conspiracy has been demurred to on the following ground: That no offense against the United States or attempt to defraud the United States is set forth, and that no conspiracy to commit a crime specified in section 29b of the Bankruptcy Law is shown. It may be assumed that the indictment is directed against offenses named in the bankruptcy statute, and that the charge sought to be made is that of conspiracy to conceal or continue and accomplish the concealment of assets belonging to the bankrupt estate, from the trustee in bankruptcy.

The suggestion of the defendants is that the indictment does not show in its allegations a conspiracy for the concealment of assets by

the corporation. As was claimed with respect to the counts in the individual indictments, the assertion is made that concealment of assets from a trustee by an outside party might even be larceny against the bankrupt estate, but would not be concealment from the trustee for the purpose of defrauding creditors, and fall within the language of section 29 of the statute, unless the bankrupt was a party to the concealment.

The indictment charges that the business of the bankrupt was conducted by the three defendants as its officers, and their offices are specified. The three defendants are charged as individuals with "doing business as aforesaid" and planning to sell "its outstanding accounts" and to conceal the proceeds which were to be paid to the three individuals for the assignment of the accounts of the bankrupt corporation, with intent to defraud the creditors. The defendants are then charged with conspiring, in anticipation of the election of a trustee in bankruptcy, to conceal from that trustee, while "the said United Metal Bedstead Company should be a bankrupt, the property which should then and there belong to the estate in bankruptcy." This sets forth sufficiently a conspiracy to which the bankrupt corporation, through its officers and agents, was a party, and, under the language of section 1(19) of the statute, the concealment of assets on behalf of the corporation by the individuals named from the trustee during bankruptcy would be a crime, and a conspiracy to commit that crime could be prosecuted. U. S. v. Cohn et al. (C. C.) 142 Fed. 983. The present indictment seems to sufficiently set forth such a charge of conspiracy.

Further objection is made that insolvency at the time of selling the assets is not sufficiently alleged. This is unnecessary. Conspiracy by a solvent corporation, to conceal assets in contemplation of insolvency, would be a crime, and the indictment states that the corporation was insolvent and properly in bankruptcy.

[6] A further objection is based upon the absence of any statement in the indictment to the effect that the return of the sum alleged to have been received by the three defendants has been ordered or demanded and repayment thereof refused. Repayment of the amount might show restitution, and refusal to repay the amount, if ordered, might be the basis for a contempt proceeding, but there is no necessity for allegations of either in the indictment. In U. S. v. Grodson (D. C.) 164 Fed. 157, demurrer to a conspiracy indictment was sustained upon the ground that no overt act was shown after the bankruptcy, but the indictment in that case also failed to charge that bankruptcy was contemplated or that the conspiracy was to conceal the goods from the trustee and not merely from creditors. The present indictment is sufficient in these respects, and alleges sufficiently an overt act in pursuance of a conspiracy in itself sufficiently defined and charged.

The demurrer to this indictment will be overruled, and the defendants ordered to plead.