[No. 15201.  Department One.  June 25, 1919.]

THE STATE OF WASHINGTON, *Appellant,* v.
H. O. SHUEY, *Respondent.*[1]

INDICTMENT AND INFORMATION (45) — INTENT — "WILLFULLY" — NECESSITY. Under Rem. Code, § 3601-27, making it a misdemeanor for any officer or agent of a savings and loan association to "willfully" violate or fail to comply with the provisions of the act, an information is insufficient to sustain a conviction unless it charges that the act complained of was "willfully" done; since the elements of *scienter* and bad purpose are involved and constitute the gravamen of the offense.

Appeal from a judgment of the superior court for King county, French, J., entered May 10, 1918, arresting a judgment of conviction and vacating the verdict, in a prosecution for a misdemeanor. Affirmed.

*Alfred H. Lundin* and *Frank P. Helsell,* for appellant.

*Clise & Poe,* for respondent.

MITCHELL, J.—The information in this case charged defendant with a misdemeanor. After alleging place and time, and that he was one of the directors of a building and loan association, it is then charged:

"and while acting as such director of said association, did then and there authorize, direct, vote for,

[1]Reported in 181 Pac. 890.

and cause the said Equitable Building-Loan & Investment Association to declare and pay a semi-annual dividend of three per cent (3%), upon all of the stock of said association then issued and outstanding, for the semi-annual period between January 1, 1916, and July 1, 1916, when, in truth and in fact, said association, during said period, had not acquired any net earnings whatsoever.''

Upon return of a verdict of guilty, judgment was arrested on the motion of defendant, on the ground that the facts stated in the information do not constitute a crime.  The state has appealed.

The statutes of this state relating to the organization, management, regulation and control of building and loan, and savings and loan, associations and societies are comprehensive, commanding or prohibiting the doing of many things mentioned in detail.  The last section pertaining to the subject, Rem. Code, § 3601-27, provides:

''Every officer, director, agent or other employee of any savings and loan association, who shall willfully violate or fail to comply with any of the provisions of this act, shall be guilty of a misdemeanor.''

It is contended by the state that respondent is accused by the information, to the extent of criminal liability, with having violated that portion of Rem. Code, § 3601-7, which provides that: ''Dividends shall be taken from the net earnings of the association . . .'' by having authorized and voted for, and caused the association to declare and pay, a dividend for a specified period during which it had not acquired any net earnings.  The offenses provided for by these statutes are statutory, and, while we have generally held it is sufficient to lay such charges in the language of the statute, it will not do to employ less than the statutory language or its equivalent.  A criminal statute can

reach no further than the limitations prescribed by the words of the statute. The information charges respondent with doing certain things, as a director of the association, which the statute says he shall not do. But the penal section of the act does not declare the doing of these things to be a misdemeanor. On the contrary, that one's conduct may constitute a crime, it exacts not simply that he violate, but that he willfully violate the provisions of the act; and in the process of construing the information nothwithstanding the rule of liberality, it will not do to eliminate the word "willfully" from the statute, for manifestly it is the quality of the act which constitutes the gist of the offense. The distinction between doing an act and willfully doing it rests upon reason and is recognized by the authorities. The elements of *scienter* and bad purpose are involved and constitute the gravamen of the offense.

Appellant cites the case of *Commonwealth v. Bradford,* 50 Mass. (9 Metc.) 268. That was a case in which one was indicted for willfully giving in a vote at an election, knowing himself not to be a qualified voter. The defendant admitted he gave in his vote, and one of the questions was the correctness of the decision of the trial court that the admission was sufficient to support the averment that he voted willfully, concerning which the court said:

"Considering the manner in which the word 'wilfully' is used in the statute, the court are of opinion that this was right. It may sometimes mean corruptly or unlawfully; but in this section, where the gist of the offense consists in the other clause, 'knowing himself not to be a legal voter,' the term 'wilfully' means designedly, purposely, with an intent to claim and exercise the right of suffrage, on that occasion, in common with the legal voters of the city."

But that case is not in point here, because there the statute required, and the indictment charged, a willful voting. The point decided was a matter of proof.

Viewed from another angle, appellant cites the case of *State v. Smith,* 31 Wash. 245, 71 Pac. 767. It was a case of grand larceny, wherein the question presented was that the information did not state a crime because the word "feloniously" was not used in the information. After setting out the information and quoting the statutes defining grand larceny and petit larceny, this court said:

"It will be noticed that the only difference between the crime of grand larceny and that of petit larceny, as defined by these statutes, is in the value of the property taken. The words 'feloniously steal' appear in each."

And then, answering the question presented, the court said:

"Under these statutes it is not necessary that the word 'feloniously' should be used to define the crime of grand larceny, if other words conveying the same meaning are used instead. The word 'feloniously' means 'with intent to commit a crime.' (Webster.) The word 'steal' means 'to take and carry away feloniously—without right or leave.' (Webster.) It implies a felonious taking. As the words are used in this statute the word 'feloniously' refers to the intention with which the stealing is done. When it is alleged that the defendant *unlawfully stole* $785, *with intent to defraud the owner thereof,* the felony defined was sufficiently alleged to sustain a judgment after verdict."

That case is not in point, for, as already seen, the information in the present case contains no word or words equivalent to the word "willfully;" used in the statute. We do not find occasion to review all the authorities furnished by appellant. The rule applicable here is found in the case of *Spurr v. United States,*

174 U. S. 728, quoted from *Potter v. United States,* 155 U. S. 438, 445, viz.:

"The charge is of a wilful violation. That is the language of the statute. Section 5208 of the Revised Statutes makes it unlawful for any officer of a national bank to certify a cheque unless the drawer has on deposit at the time an equal amount of money. But this section carries with it no penalty against the wrongdoing officer. Section 13 of the act of 1882 imposes the penalty, and imposes it upon one 'who shall wilfully violate,' etc., as well as upon one 'who shall resort to any device,' etc., 'to evade the provisions of the act;' 'or who shall certify cheques before the amount thereof shall have been regularly entered to the credit of the dealer upon the books of the banking association.' The word 'wilful' is omitted from the description of offences in the latter part of this section. Its presence in the first cannot be regarded as mere surplusage; it means something. It implies on the part of the officer knowledge and a purpose to do wrong. Something more is required than an act of certification made in excess of the actual deposit, but in ignorance of that fact or without any purpose to evade or disobey the mandates of the law. The significance of the word 'wilful' in criminal statutes has been considered by this court. In *Felton v. United States,* 96 U. S. 699, 702, it was said: 'Doing or omitting to do a thing knowingly and wilfully, implies not only a knowledge of the thing, but a determination with a bad intent to do it or omit doing it. The word 'wilfully,' says Chief Justice Shaw, 'in the ordinary sense in which it is used in statutes, means not merely 'voluntarily,' but with a bad purpose.' 20 Pick. (Mass.) 220.'"

See, also, *United States v. Edwards,* 43 Fed. 67; *State v. Preston,* 34 Wis. 675; *Williams v. People,* 26 Colo. 272, 57 Pac. 701; 14 R. C. L. 177.

The order granting the motion in arrest of judgment and vacating the verdict was proper, and is affirmed.

MAIN and TOLMAN, JJ., concur.