# Johnson *v.* The State.

### *Arson.*

#### (Decided April 21, 1911. 55 South. 268.)

1. *Arson.*—At common law and under the statute, arson is an offense against possession rather than the property.

2. *Same; Indictment; Averment of Ownership.*—An indictment for the statutory offense of arson must aver the ownership of the property burned, but the ownership that should be averred and proven relates to the actual occupancy for use and not to the nature of the estate or claim of the occupant.

3. *Same; Variance.*—Where the indictment charged that the barn burned was the property of C., and the evidence disclosed that the possession was in another, who as tenant, held it to occupancy and use, there was a variance between the allegation and the proof.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

Bob Johnson was convicted of Arson and he appeals. Reversed and remanded.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. The defendants were entitled to the affirmative charge on account of a variance between the allegation and proof as to ownership.—*Adams v. The State,* 62 Ala. 177; 85 Ala. 114; *Thomas v. The State,* 97 Ala. 3; *Fowler v. The State,* 100 Ala. 96; *Hill v. The State,* 104 Ala. 64. Counsel discuss other assignments of error, not necessary to be here set out.

[Johnson v. The State.]

ALEXANDER M. GARBER, Attorney General, for the
State. Under the indictment in this case ownership
was properly laid in the holder of the legal title.—
*Granison v. The State,* 117 Ala. 22. Counsel discuss
other assignments of error, but without citation of au-
thority.

WALKER, P. J.—The indictment in this case charg-
ed that the defendant "willfully set fire to or burned a
barn of Josh Crim, whose name is to the grand jury
otherwise unknown, in which there was at the time no
human being." The charge is of arson in the second de-
gree, as defined by section 6296 of the Code. The evi-
dence on the trial showed that the barn was on land the
title to which was in said Crim, but that he did not
live on that tract of land, and that at the time of the
burning he was living on a different tract of land, about
a mile and a half distant from the barn; that at the
time of the burning the tract of land upon which the
barn was located was occupied by Cass Harrison and
Tom Williams, who rented that land by the year—the
witness Crim stating that "the barn that was burned
belonged to the house where Cass Harrison stayed." At
the conclusion of the evidence introduced by the state,
the defendant's counsel moved the court to exclude such
evidence, on the ground, among others, that there was
a variance between the proof and the allegations of the
indictment, and duly excepted to the action of the court
in overruling this motion. Exceptions also were reserv-
ed to the refusal of the court to give two written
charges, marked, respectively, "A" and "B," requested
by the defendant on the submission of the evidence to
the jury.

Under our statutes, as was the case at the common
law, arson is an offense against the possession, rather
than the property.

An indictment for the statutory offense must aver the ownership of the house or other property which was burned or set fire to; but the ownership to be proved relates to the actual occupancy, the dominion in fact over the thing, not to the nature of the estate or claim of the occupant. It is the possession, not the tenure or interest in the property, which should be described. This being true, an indictment which, following the Code form, charges that A. B. willfully set fire to or burned a barn of C. D., imports, not necessarily that the fee was in C. D., but that the barn was his to occupy, that the possession was his, without regard to the questions as to how he acquired the possession or whether he holds under another, so long as the property is his to possess and enjoy.—*Peinhardt v. State,* 161 Ala. 70, 49 South. 831; *Adams v. State,* 62 Ala. 177; *Davis v. State,* 52 Ala. 357; *May v. State,* 85 Ala. 14, 5 South. 14.

In this case the barn alleged to have been set fire to or burned is laid in the indictment as the property of Josh Crim, while the evidence shows that the possession was in another, who, as a tenant, held it to occupy and use. The allegation and the proof did not correspond. The trial court erred in holding otherwise.

Reversed and remanded.

Pelham, J., not sitting.