[Lockhart v. The State.]


# Lockhart *v.* The State.

## *Hunting Without Permission.*

(Decided Dec. 19, 1912.   60 South. 591.)

1. *Game; Hunting on Lands of Another Without Permission.*— Although M. owned only a one third undivided interest in the lands alleged to have been hunted on without permission, it was competent to show that M. was in control of the land for himself, his brother and sister, since the words, "land of another" as employed in section 6971, Code 1907, include lands possessed or occupied by one who is not the holder of the fee.

2. *Same; Unlawful Hunting.*—Where it appeared that the lands were owned in part by persons not in possession, the court properly refused to instruct the jury that the burden was on the state to show that the defendant did not have written permission from any of the owners of the land to hunt thereon.

3. *Property; Owner.*—The word "owner" is not infrequently used to describe one who is in the dominion or control of the property while another holds the title.

APPEAL from Clarke County Court.

Heard before Hon. THOMAS W. DAVIS.

Richard Lockhart was convicted of hunting on the lands of another without permission, and he appeals. Affirmed.

Charge 2 is as follows:  "The court charges you, gentlemen of the jury, that the burden is on the state to convince you by the evidence beyond a reasonable doubt that the defendant did not have written permission from any of the owners of the land in question to hunt on said land."   The oral charge was as follows: "If you believe that Curtis McCorquodale has been in undisputed possession of that land for any length of time, then he would be, in contemplation of the law, the owner of it."

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. The
control of the witness was the agency of delegated au-
thority which the law requires. He was in the service
of the others named.—*Brewer v. The State*, 83 Ala. 112.
Charge 2 was properly refused.—Sec. 6971, Code 1907.

WALKER, P. J.—In support of the charge made in
the indictment that the defendant "hunted on the lands
of Curtis McCorquodale, without first having obtained
from the owner or agent thereof a written permission
to do so," evidence was offered which tended to prove
that the defendant hunted on lands known as McCor-
quodale's woods pasture without having obtained writ-
ten permission of Curtis McCorquodale to hunt on said
land. Over objections of the defendant said McCorquo-
dale was permitted to testify as a witness for the state
that the land mentioned was in his possession, and that
he was in control of it for himself and his brother and
sister; the witness stating on cross examination that he
did not own the entire interest in said land, and only
claimed an undivided one-third interest in it. One of
the grounds of objection to the questions eliciting this
testimony was that the offense charged is one against
the ownership and not against the possession of land.
The statute under which the charge was made (Code,
§ 6971) provides that "any person who hunts on the
lands of another, without first having obtained from
the owner or agent thereof a written permission to do
so, shall be guilty of a misdemeanor," etc.

The words "the lands of another" are comprehensive
enough to include lands possessed or occupied by one
who is not the holder of the fee, and the word "owner"
is not infrequently used to describe one who has domin-
ion or control over a thing, the title to which is in an-

other.—*Johnson v. State,* 1 Ala. App. 148, 55 South. 268; 6 Words & Phrases, p. 5148.   In view of the manifest purpose of the statute to limit the hunting privilege to authorized persons, we are of opinion that the provision in question is not to be so narrowly construed as to exclude from its protection the possessor or occupant of land having actual dominion over it, though the title is in another, or in others jointly or in common with him.   We find nothing in the terms of the statute to warrant the conclusion that the offense which it creates is one against the ownership or title, as contradistinguished from one against the possession or actaul dominion, of the land.   The conclusions follow that the testimony mentioned was not subject to the objection interposed to it, and that the court was not in error in the part of its oral charge to which an exception was reserved.

The court was justified in refusing to give written charge 2, requested by the defendant, by the fact that, in view of the evidence as to interest in the land held by persons not in possession, that charge might have been understood as requiring the state to prove that neither of such persons had given the written permission mentioned, or to go further than to prove that such permission had not been given by the one holding possession and dominion.

Affirmed.