# Bell *v.* The State.

## Carrying Concealed Weapon.

(Decided June 18, 1914.   65 South. 688.)

1. *Concealed Weapons; Carrying; Place.*—Where defendant carried a pistol within an enclosure of a structure then in course of erection by a railroad company, the fact that the space then occupied by defendant was used as a passageway by the public in going to and from trains, did not indicate that such space was a part of a public street.

2. *Same; Elements.*—Under Acts 1909, p. 258, the possessor's tenure or interest in the property on which defendant was charged to have unlawfully carried the pistol was immaterial.

3. *Charge of Court.*—Where the subject of a requested charge is covered as favorably to defendant as he is entitled to require, in other written instructions given, the refusal of such charge is not error.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Fred Bell was convicted of carrying concealed weapons, and he appeals. Affirmed.

Charge B is as follows:

The burden of proof is on the state to prove to you beyond a reasonable doubt from the evidence that at the time Bell had the pistol he was upon the property of the railroad, and, if you have a reasonable doubt as to this from the evidence, you will acquit.

Charge A is the general affirmative charge. At the request of the defendant the court charged the jury that the burden was upon the state to show from the evidence beyond a reasonable doubt that at the time Bell had the pistol he was upon the premises which did not belong to him or to the public.

C. S. McDOWELL, JR., for appellant. There is no insistence that the pistol was concealed, and the state re-

[Bell v. The State.]

lied on section 2, Acts 1909, p. 258, for a conviction. So far as the evidence goes the carrying was in a street and not on the property of another.—*City of Mobile v. L. & N.*, 124 Ala. 132. The court cannot take judicial notice of what the right of way of a railroad is.—*Loveless v. M. & E. R. R. Co.*, 174 Ala. 154; *Isaiah v. State*, 58 South. 53. It follows, therefore, that defendant was entitled to the affirmative charge. Certainly, he was entitled to the other charges requested.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

WALKER, P. J.—The testimony was without dispute to the effect that the place where the defendant was when he had a pistol in his hand was at the time in the possession of the Central of Georgia Railroad Company, and was within the inclosure of a structure which then was in course of erection and has since been completed by the railroad company. The evidence that that space was then used as a passageway by the public in going to and from the trains, and was spoken of by the witness as a sidewalk, had no tendency, in view of the testimony of the witness as a whole, to prove that it was a part of a public street. There was no testimony tending to prove that any part of the public street which ran to the depot on the other side of it extended to that space, which was between the depot and the railroad tracks.

The offense sought to be proved against the defendant, of carrying "a pistol about his person on premises not his own or under his control," is one against the possession, and does not involve an inquiry as to the possessor's tenure of or interest in the property.—Acts of Ala. Special Session 1909, p. 258; *Isaiah v. State*, 176 Ala. 27, 58 South. 53; *Johnson v. State*, 1 Ala. App. 148, 55

South. 268. As the evidence without dispute showed that the pistol was carried on premises of some one other than the defendant, and which were not under his control, if error was committed in the admission of evidence as to the title or ownership of those premises being in the possessor of them, it was error without injury. At the worst, that was but improper proof of a superfluous fact, and the defendant could not have been injured by it.

As there was evidence of the commission by the defendant of an offense charged, the court properly refused to give charge "A" requested by him.

The appellant cannot sustain a complaint based upon the court's refusal to give written charge "B" requested by him, as the proposition of which he sought the benefit by requesting that charge was in a written charge given at his request stated to the jury as favorable to the defendant as he was entitled to require it to be stated.

Affirmed.