WILLIAM GREBE V. STATE OF NEBRASKA.

FILED DECEMBER 4, 1924.   No. 24118.

1.  Statutes: CONSTRUCTION. The word "corruptly" when used in a
    statute generally imports a wrongful design to acquire some
    pecuniary or other advantage.

2.  Indictment: SUFFICIENCY: MALFEASANCE IN OFFICE. In order
    to sustain a conviction under section 9722, Comp. St. 1922, it is
    not necessary to charge and prove that the unlawful conduct
    alleged was done both wilfully and corruptly; if wilfully done
    it may sustain a conviction.

3.  Rulings of the court on instructions asked by defendant have
    been examined and found free from error.

ERROR to the district court for Cass county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*A. L. Tidd,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, GOOD and THOMPSON, JJ.

MORRISSEY, C. J.

Defendant was convicted in the district court for Cass county under an indictment in which he was charged with malfeasance in office for unlawfully assaulting one Hayward.

At the time charged in the indictment, defendant was a constable within Cass county and the prosecution is based upon the provisions of section 9722, Comp. St. 1922.

By instruction No. 3, the court told the jury: "The statute of the state of Nebraska, in so far as it pertains to the offense charged against the defendant herein, provides: 'Any * * * constable * * * or any ministerial officer, who shall be guilty of any palpable omission of duty or who shall wilfully * * * be guilty of malfeasance or partiality in the discharge of his official duties, shall be fined' as provided by law." The first objection of defendant is that in this instruction the court omitted the words "or corruptly" which are found in the statute immediately following the word "wilfully." In instruction No. 5, the court defined the term "malfeasance," and concluded the instruction by saying: "An act of a public officer is considered as done 'wilfully' when the officer consciously acts contrary to a known duty or intentionally omits to do that which he knows it is his duty to do." Because the words of the statute, "or corruptly," are omitted from the instructions mentioned, defendant insists that these instructions are prejudicially erroneous. Counsel say that the words "or corruptly" as used in the statute add to the meaning of the word "wilfully," and that the language used means not

merely that the act is done voluntarily, but that it is done with a bad motive. In support of this contention counsel quote the concluding sentence from paragraph 6 of the syllabus of *State v. Donahue,* 91 Neb 311, which reads: "It must be prompted by some evil intent, or legal malice, or at least be without sufficient grounds to believe that he is performing his duty." It is rare, indeed, that a single sentence when set apart and considered without relation to its context expresses the full meaning of its author. The sentence quoted is not an exception to the rule and should be considered in connection with the entire paragraph in which it is used. It may, too, be worthy of mention that the opinion in the case relied upon was adopted by a divided court, and the authorities cited by the judges who dissented raise a serious question as to the correctness of the majority opinion. However, a disposition of this case does not make necessary a review of the issues there discussed or determined. In the instruction criticised the court merely undertook to give so much of the language of the statute as applied to the case then on trial; neither the charge made in the indictment nor the proof before the jury went so far as to charge defendant with corrupt conduct within the generally accepted meaning of that term. A fair interpretation of the statute leads to the conclusion reached by the trial judge, namely: If the act charged was done voluntarily, that is, of defendant's own volition, it was wilfully done and falls within the inhibition of the statute. The words of the statute omitted from the instruction, "or corruptly," suggest a motive. The word "corruptly" when used in a statute generally imports a wrongful design to acquire some pecuniary or other advantage. It may be noted, too, that the phrase as used in the statute is in the disjunctive. The statute does not provide that before a conviction can be had a jury must find that defendant acted both "wilfully" and "corruptly." The plain import of the language is that, if defendant was either wilful, or corrupt, his act was a violation of the statute.

Certain assignments of error relating to preliminary

pleas are urged in the brief, but these issues have been disposed of in *Quinton v. State, ante,* p. 684, and therefore will not be noted here.

Our attention is called to instructions asked by defendant and refused by the court, but we find no error in the rulings of the court on these instructions. The record as a whole is found free from error, and the judgment is

AFFIRMED.

Note—See Corruptly, 14A C. J. p. 1432 (1926 Ann.); Indictments and Informations, 31 C. J. sec. 245; Officers, 29 Cyc. p. 1450; Statutes, 36 Cyc. p. 1124 (1926 Ann.).