(113 So. 475)

### CORNELIOUS v. STATE. (7 Div. 337.)

Court of Appeals of Alabama. June 30, 1927.

James A. Embry, of Ashville, for appellant.

Brief did not reach the Reporter.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

SAMFORD, J., ▮ Section 3446 of the Code of 1923 applies alone to monuments, posts, or trees as the same refers to the boundaries of land. As used in this section, "monument," "post," and "tree" are used synonymously.

▮▮ When relating to land a "monument" is some tangible landmark established to indicate a boundary. 9 Corpus Juris, 160. At the common law there was no criminal liability for removing a landmark. Robinson v. State, 7 Ala. App. 172, 62 So. 303.

▮ Where statutes have been passed fixing a penalty for removing or destroying boundary marks, monuments, etc., they refer to and apply only to monuments established by some legally authorized person, surveyor, officer, or agent of the state or county, upon surveys made by public authority or boundaries substituted for them, in the manner prescribed by law, or other boundaries which had acquired a known character and reputation, and not such monuments as private persons, taking it upon themselves in a private manner, should set up and establish. Ruth v. State, 20 Md. 436; Stratton v. State, 45 Ind. 468.

▮ Originally the lands lying in this state were the property of the federal government. The Congress authorized the survey of these lands, dividing them into townships, ranges, sections, and subdivisions of sections. When these surveys were made, the lines and corners were marked by the surveyors. These marks, of whatever nature, became the "monuments" marking the divisions of land by which the government described the lands when deeded by it to the citizen or purchaser. These monuments, therefore, became a part of the purchaser's muniment of title marking the limits of the area owned by him and were a pledge to him by his government that there would be no change in these monuments. These corners or monuments as established by the government, if they can be found, or the places where they were originally established, are conclusive on all persons owning or holding land with reference thereto, without reference to whether they were located correctly or not and must remain the true corners or monuments. 9 C. J. 164 (18)b. In other words, a corner located by the original government survey, from which the lands are disposed of by the government and successive

grantors, becomes the monument of that corner, and there cannot be another substituted for it so long as it exists or may be located. When, however, the monument establishing an original corner is lost, the object is always to carry into effect what was done or attempted to be done when the survey was made. Ramsey v. Morrow, 133 Ky. 486, 118 S. W. 296. When this is done, the survey made in accordance with law in undertaking a relocation becomes evidence from which the jury must say whether it is the corner or not. 9 C. J. 162 (15) (2). It follows that the original monument, or, in case of its loss, its substitute located according to law, is the monument protected by the statute.

■ (1) Was the monument moved by this defendant erected by the proper officer of the United States at the time of the government survey? (2) Was it a monument erected by the authority of a surveyor under and in accordance with sections 10350 and 10352 of the Code of 1923? (3) Was it a monument to mark a corner of adjoining section fixed by the county surveyor in the presence and by the acquiescence of the parties interested? (4) Was it a monument marking a corner recognized and acquiesced in for a sufficient length of time as to charge all parties concerned with notice so as to be binding? (5) Was it a monument established by order of court under sections 6439, 6440, 6441 of the Code of 1923? Unless it was such a monument as is named in the above five questions, it would not be such a monument as is referred to and protected by section 3446 of the Code of 1923. Stratton v. State, 45 Ind. 468; Ruth v. State, 20 Md. 436. In the case of Robinson v. State, 7 Ala. App. 172, 62 So. 303, the "chestnut post" had been used to designate the boundary line for more than eleven years, and there was evidence that this had been acquiesced in by the parties at interest. This chestnut post had become a landmark or monument under the fourth subhead, supra.

■ The monument the defendant is charged with removing was a stone placed by Mr. Robinson, the county surveyor of St. Clair county, during the month of September, 1924, as a result of a survey made by him for the purpose of locating the corner connecting sections 16 and 17, without the knowledge or acquiescence of defendant. It is not claimed by the state that the stone is the original monument placed there by the government surveyors; nor is it shown to have been erected by the authority of a surveyor, who had complied with and was acting under sections 10350 and 10352 of the Code of 1923; nor was it fixed by the surveyor in the presence and by the acquiescence of the parties interested; nor was it a monument marking a corner recognized and acquiesced in for a sufficient time as to charge all parties concerned with notice so as to be binding; nor was it established by order of court under sections 6439, 6440, 6441 of the Code of 1923. The stone or monument here involved was placed by a surveyor, as a result of a survey privately made, which carried with it none of the elements of a monument within the meaning of the statute under which this defendant was prosecuted.

■ Under the decision in the Robinson Case, supra, the stone removed by the surveyor from its resting place of 53 years and more, where it had stood to mark the corner of sections 16 and 17, was under the evidence offered and disallowed by the court a monument, which no man would have the right to move or destroy without an order of court or an agreement of the parties in interest. Long recognized landmarks are too important to allow them to be disturbed by private surveys, however carefully made.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

BRICKEN, P. J. (dissenting). In my opinion the conclusion reached by SAMFORD, J., is wrong, and while the reasons and deductions expressed by him in his opinion might be applicable or pertinent in an action of ejectment incident to the facts in controversy in this case, they have no place in a prosecution for the violation of the criminal statute here involved. Code 1923, § 3446.

The evidence in this case is without conflict or dispute. It shows that a duly and legally constituted county surveyor located and established the northeast corner of section 17, range 5 east, in St. Clair county, Ala., and thereupon erected a monument to designate said corner. The evidence is also without dispute that this defendant willfully removed said monument. All this is not denied, and under the terms of this criminal statute, which must be strictly construed, and which has been construed in the case of Robinson v. State, 7 Ala. App. 172, 62 So. 303, the defendant here is guilty as was properly held by the court below.

The question of the correctness of the location of the monument cannot be tested in a case of this character. If appellant's rights had been invaded, he had his remedy in the courts to assert his rights and correct the wrong. A man cannot take the law in his own hands and in defiance of a criminal statute willfully remove monuments erected by proper officers, and used or designated to mark the boundaries of land. I think the judgment of conviction from which this appeal was taken should be affirmed upon authority of Robinson v. State, 7 Ala. App. 172, 62 So. 303.