146 So. 627

## JOHNSON v. STATE.
### I Div. 84.

Court of Appeals of Alabama.

Nov. 29, 1932.

Rehearing Denied March 7, 1933.

G. O. Dickey, of Evergreen, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, Presiding Judge.

The appellant was indicted, tried, and convicted of the offense of perjury.

Section 5159 of the Code 1923, provides: "Any person who wilfully and corruptly swears or affirms falsely, or corruptly procures another to so swear or affirm, in regard to any material matter or thing on the trial of any person under an indictment for felony, must, on conviction, be imprisoned in the penitentiary for not less than three, nor more than twenty years."

The indictment in this case was framed as for a violation of the foregoing section of the Code; and charged in effect that this appellant was duly and legally sworn as a witness, and that he as such testified in the case of State of Alabama v. Charlie Grissett, in the circuit court of Baldwin county, Alabama, under an indictment which charged said Grissett with the murder of one Lewis Hodges. The indictment, as the law requires, stated in detail the facts constituting the alleged willful and corrupt false swearing in said case by this appellant; and

the sufficiency of said indictment was not challenged by demurrer or otherwise; hence there is no question presented here in this connection.

Pending the trial no exceptions were reserved to any ruling of the court upon the admission of evidence, and the points of decision relied upon to effect a reversal are: (1) The refusal by the court to give, at the instance of the defendant, the affirmative charge in his behalf; and (2) the action of the court in overruling and denying his motion for a new trial.

It appears from the record that, upon the trial of said Charlie Grissett for murder, as above stated, this appellant, upon his examination as a witness in said case, testified that he was present and saw the difficulty in which Hodges was shot and killed, and as such witness he gave in detail the facts and circumstances attending the killing. Other witnesses testified that they were present at the time and place of the alleged murder of Hodges, that they saw and observed everything in connection therewith, and each of said witnesses testified that this appellant, Wade Johnson, was not present at any time during the fatal difficulty as testified to by him. There was other testimony also tending to show the falsity of his statements as aforesaid. This conflict in the evidence presented a question of fact for the determination of the jury. This being true, the affirmative charge requested was properly refused, as the trial court was without authority to direct a verdict where the material evidence was, as here, in sharp conflict. The rule as to this is clearly stated in the case of Grimes v. State, 24 Ala. App. 378, 135 So. 652, and numerous cases therein collated. Insistence of error 1 therefore cannot be sustained.

As to the remaining insistence 2, we see no reason to disturb the finding of the court. Upon the hearing of the motion for a new trial, the only evidence offered was that adduced upon the main trial of the case, and the insistence of error in this connection is therefore analogous to the first insistence above discussed. The case presented a question of fact for the jury, and the trial court properly so held.

No error appearing upon the trial of this case in the court below, we perforce must, and do, hold, that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.