195 So. 459

## SINGLETON v. STATE.

### 8 Div. 950.

Court of Appeals of Alabama.

April 9, 1940.

R. T. Simpson, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment contained three counts, each charging the defendant with the offense of perjury. No objection, by demurrer, or otherwise, was interposed to the indictment, to which the defendant plead not guilty.

The three counts in different phraseology charged that he did willfully and corruptly swear, or affirm, falsely, to the officer named, who had authority to administer such oath, that Edith Vinson was, on the 21st day of June, 1938, 19 years of age, the

matter so sworn to being material and the said oath of defendant (naming him), in relation to such matter, being willfully and corruptly false, etc.

Each count of the indictment was sufficient and proper in form and substance.

The affidavit in question was for the purpose of obtaining a marriage license for appellant to marry the said Edith Vinson; and, as stated, the question involved had reference to the age of the girl. It is insisted he swore that the girl was nineteen years of age; and that the undisputed testimony on the trial of this case was to the effect that she was just past fourteen.

This being what is termed a non-judicial proceeding, the prosecution of necessity was as for a violation of Section 5161 of the Code 1923.

■ The defendant interposed his plea of not guilty. This plea to the indictment formed the issues to be tried; and cast upon the State the burden, under the required measure of proof, of showing: (1) That a lawful oath had been administered to the defendant, by an officer having authority to administer; (2) that under said oath the affiant must have sworn falsely as to a material matter involved; (3) that such false swearing must have been willfully and corruptly done by the defendant, and within the period of time covered by the indictment, and in the county where the prosecution is pending.

Upon the trial, which resulted in the conviction of appellant, the defendant strenuously insisted he was not sworn by the notary public, that at no time did he swear the contents of the application for marriage were true; stating, he just filled out the blank, and signed it, after which, State witness Mrs. Hattie Finley merely also signed her name to the application as notary public. He further insisted, and so testified, that in stating the age of the girl in question, he merely put her age as being what she (the girl) had told him, i. e., she had told him she was nineteen years of age, and that he had no information to the contrary.

If the evidence, as to the two foregoing insistences, had been without material conflict, such evidence would have been conclusive of this case, and of this appeal, the evidence being a complete answer to the controlling points of decision involved.

But, upon both propositions, the evidence on these questions was in direct and sharp conflict. The State offered the testimony of Mrs. Hattie Finley, who testified she was a notary public of said county in June 1938, and that the defendant brought the application for marriage license to have it executed before her. She testified: "I saw him sign his name to it, before he signed his name to it he swore that it was true. I swore him to the paper." And, in response to the question: "Q. You asked him if it were true so help you God," she replied, "Yes sir and then he signed it." Upon her cross-examination she reiterated the foregoing several times and also testified that Dr. Finley, her husband, was present at the time. Dr. Finley was introduced as a witness and in substance testified as did Mrs. Finley.

■ On the question of the age of the girl and the above quoted statement of the defendant that she had told him she was nineteen years of age, the evidence was also in direct and sharp conflict. Each of the questions discussed was for the jury to determine, therefore there was no error in the action of the court in refusing to defendant the general affirmative charge requested in writing.

■ Appellant's earnest counsel insists the trial court erred in declining to allow defendant to introduce in evidence certain letters claimed to have been written to him by the said Edith Vinson. This court is not informed as to the relevancy of the letters in question, nor does it appear in the record that the trial court was apprised as to the contents of the letters. We are, therefore, unable to put the court in error in the absence of this information.

■ We are likewise unable to review the action of the trial court in overruling defendant's motion for a new trial. This question is not before us as the motion for a new trial appears only upon the record proper and no mention thereof appears in the bill of exceptions as the law requires.

We discover no reversible error in any of the rulings of the trial court to which exceptions were reserved. The record proper being regular and without error, it follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.

SIMPSON, J., not sitting.