1 So.2d 668

## KNIGHT v. STATE.

### 4 Div. 589.

Court of Appeals of Alabama.

Feb. 18, 1941.

Rehearing Denied March 18, 1941.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

W. L. Lee and J. N. Mullins, both of Dothan, for appellant.

SIMPSON, Judge.

The appellant was convicted of the offense of perjury. The indictment, in three counts, was framed as for a violation of Section 5159, Code 1923. It charged, substantially, that, after having been duly and legally sworn as a witness in the trial ·in the circuit court of one Curtis Warren for the murder of Emmett Lovelace, he, as such witness, testified that he was present at the scene of the shooting, saw the principals in the fatal affray, etc., and that the matter so sworn to, being material, was wilfully and corruptly false. Each count of the in-

dictment was in proper form and legally sufficient.

■ The few exceptions, reserved pending trial, to the rulings of. the court upon the admission of evidence were without merit. No exception appears to have been reserved to the action of the court in excluding certain of the testimony of the witness Tolar. So, the insistence of appellant of error in this regard is inept, the point not being subject to review.

■ It appears from the record that, upon the trial of said Warren for murder, this appellant upon his examination as a witness therein testified that he was present at the difficulty in which Lovelace was killed; and, as such witness, related what he saw and heard take place at that time. Such testimony was most material upon that trial. If these facts, so sworn to by appellant, were wilfully and corruptly false he would be guilty as charged in the indictment.

■■ At this, appellant's, trial (instant case), several witnesses who lived or were present at or near the scene of the shooting testified that they did not see the appellant there; that his automobile (which he claimed to have come there in) was not there; one of these witnesses testified positively that he, appellant, was not present at the scene. Other witnesses corroborated the fact of the absence of appellant from the scene of the fatal difficulty. This evidence sufficiently satisfied the rule that, to sustain a conviction for perjury, there must either be two witnesses to the corpus delicti or one witness with strong corroboration.

The appellant at this, his own, trial did not testify, but introduced witnesses, whose testimony tended to refute that given by the State's witnesses.

■ Thus, there was a sharp conflict in the material evidence and it was the duty of the trial court to submit to the jury the question of appellant's guilt. The affirmative charge, requested by appellant, was correctly refused. Johnson v. State, 25 Ala.App. 365, 146 So. 627; Singleton v. State, 29 Ala.App. 303, 195 So. 459.

No additional evidence was adduced upon the hearing of the motion for a new trial. We have given careful study to the case and attentive consideration to the insistences in brief of able counsel for appellant, and are convinced that, in denying the motion for new trial, the learned trial judge was entirely correct and acted in accordance with the previous holdings of our appellate courts.

We therefore must, and do, hold that the judgment below stands affirmed.

Affirmed.

### On Rehearing.

#### PER CURIAM.

■ The vantage point from which this appellant claimed, in his testimony at the murder trial, to have witnessed the killing of Lovelace was at McEachern's Filling Station across the highway. From there, according to his testimony in that trial, he witnessed the fatal shooting. He was therefore present at the scene. Present is defined as "being before, in view or at hand; being within reach, sight or call." Webster's New International Dictionary, 2d Ed.

The hypercritical insistence that the statement in our opinion, supra, that the record does not disclose that appellant, at the murder trial of Warren, testified that he was present at the scene is without merit.

Under the indictment, here, a conviction was, in our opinion, authorized and for us to set it aside would be unwarranted.

Opinion extended and application overruled.