56 So.2d 116

### PADGETT v. STATE.

1 Div. 621.

Court of Appeals of Alabama.
Jan. 8, 1952.

Graham H. Sullivan and W. C. Taylor, Mobile, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

356

CARR, Presiding Judge.

The accused, a woman twenty-nine years of age, was indicted for perjury. The trial was had by the court without a jury and resulted in a conviction.

The sufficiency of the indictment was raised by demurrers and insistence is made that these should have been sustained .

■ We will not make any decision on this question, since we are clear to the conclusion that the judgment of conviction should not be allowed to stand. Our view is based on the insufficiency of the evidence to establish the essential allegation: "willfully and corruptly false." Green v. State, 41 Ala. 419; Capps v. State, 29 Ala.App. 192, 194 So. 689; 70 C.J.S., Perjury, § 17(a), p. 472.

The evidence in the main is not in dispute.

It appears that a Mr. Fairchild, who had known the defendant for about two years, accompanied her to the office of the Board of Registrars of Mobile County, Alabama. The purpose of the visit was to afford the appellant an opportunity to register and become a qualified elector of the county. Mr. Fairchild acted as her sponsor or supporting witness.

A member of the board administered an oath to the couple and Mr. Fairchild was then furnished with a registration application blank or questionnaire. The couple went to a table near by and filled in the answers to the various questions. The paper was then signed by the appellant as applicant and by Mr. Fairchild as supporting witness.

Mr. Fairchild testified in part: "I wrote some of it there because she said she couldn't write very good and I wrote some for her but what I really wrote I don't know. It looks like I wrote this right here for her."

Question (23) in the application is: "I have never been convicted of a felony or crime or offense involving moral turpitude, nor of any other offense disqualifying me from registering. (Board should call applicant's attention to Sec. 182, Constitution and Title 17. Section 15, Code of 1940. If applicant cannot make foregoing statement, facts shall be ascertained and registration refused, unless fully pardoned and right to vote restored.)"

The answer "no" appears in response to this question.

Without dispute in the evidence a board member did not call the appellant's nor Mr. Fairchild's attention to the indicated sections of the constitution or code. In fact, the matter was in no manner discussed by a board member, Mr. Fairchild, or appellant there in the office.

The application blank also contains this paragraph:

"Action of the Board

"State of Alabama ⎱
―――― County ⎰

"Before the Board of Registrars in session in and for Said State and County personally appeared ――――, who executed the foregoing application in the manner and form therein stated. The Board having further examined said applicant under oath, touching his qualifications under sub-sections (1) and (2) of Section 181, Constitution of Alabama, 1901, and sub-sections (1) and (2) of Title 17, Section 32, Code of Alabama, 1940, and having fully considered the foregoing application as executed, adjudges said applicant entitled to be registered and he was duly registered on this the 31st day of Jan. 1950, in 6 ward) in said county.

"(Signed) ――――――――
(Signed) E. J. Gonzáles
(Signed) Mrs. D. C. Randle"

A member of the board testified that the appellant was not examined touching her qualifications under the sections of the constitution and code appearing in the paragraph just above.

The State proved that about a year prior to the time of registration as outlined above the appellant was convicted of vagrancy in the Circuit Court of Mobile County. The specific nature of the crime is not made known by the record here. There are thirteen different offenses which constitute vagrancy under the statute; Title 14, Sec. 437, Code 1940.

The indictment in the case at bar is predicated or based on the answer to question (23) of the application. We have set out this question herein above.

We do not want to be understood as holding that as a prerequisite to a successful prosecution for perjury it was required that a board member call attention of the applicant to the indicated sections of the constitution and code, or that the applicant should be examined touching her qualification under said sections. We will leave this as an open question.

It remains, however, that there was not a compliance with these directions, and we should consider this fact along with all the circumstances incident to the registration processes in determining whether or not the answer was made willfully and corruptly.

A "willful" act may be described as one "done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly or inadvertently." Lobdell Car Wheel Co. v. Subielski, Del., 2 W.W.Harr. 462, 125 A. 462, 464.

The court held in Grebe v. State, 112 Neb. 715, 201 N.W. 143, that the word corruptly when used in a statute generally imports a wrongful design to acquire some unauthorized advantage.

In the case of U. S. v. Edwards, C.C., 43 F. 67, the court held in effect that the word corruptly as used in an indictment for perjury is not synonymous with willfully,

since the former means viciously, wickedly, while the latter means with design or with some degree of deliberation.

In the case of Porter v. State, 48 Tex.Cr. R. 301, 88 S.W. 359, the court reversed the judgment below because the trial judge refused this instruction: "You are instructed, gentlemen of the jury, that the defendant pleads an affirmative defense—that is, a mistake of fact; that at the time he made the affidavit in question, if any, he did not know it contained the matters and things in reference to the order, if any, and did not know said affidavit, if any, contained any statements in reference to objections to the contemplated marriage, if any. Therefore, if you find and believe from the evidence, if any, that defendant did make said alleged false statement, and the same was false, but if you further find that defendant did not know the contents of said statement, if any, or if you have a reasonable doubt as to whether or not defendant knew the contents of the same, you will acquit the defendant."

We are very much inclined to the view that the accused depended on the assistance of Mr. Fairchild and relied on his advice and counsel in the matter of making the answers to the questions in the application form.

She is an uneducated person, and it is very doubtful if she could have understood the purport and meaning of question twenty-three if she had read it or had it read to her.

She may not have used due care in answering the question. The negative reply was likely due to inadvertence, oversight, inattentiveness, confusion, or ignorance. Even so, this is not equivalent to willfulness and corruptness.

Under the evidence disclosed by this record, we are forced to the conclusion that a grave injustice and great wrong would be visited on the accused if we allow this judgment of conviction to stand. It is ordered, therefore, that it be reversed and the cause remanded.

Reversed and remanded.