Norred & Propst, Birmingham, for appellant.

130 So.2d 826

**Wilburn D. COLEMAN**

**v.**

**STATE.**

**7 Div. 639.**

Court of Appeals of Alabama.

May 30, 1961.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal is from a conviction under subdivision (1) of Code 1940, T. 14, § 84, which in pertinent part reads as follows:

"Any person who * * * wilfully or maliciously causes to be placed thereon [a highway] any substance or thing dangerous to any person or animal traveling thereon, or which might injure or puncture the tires of any vehicle * * *

* * * * * *

"Shall be guilty of a misdemeanor."

Coleman and others set up and lit a gasoline soaked burlap covered wooden cross in the middle of one road at its junction with another. He admitted doing this, claiming that the clearance on each side of the burning cross was enough to allow passage for cars. The road's center point was some forty-eight and one-half feet from each edge.

■ The defendant requested a number of written charges, the refusal of which he claims as error, typical of which is charge 16 reading as follows:

"I charge you, Gentlemen of the Jury, that unless you are satisfied beyond a reasonable doubt that this defendant committed the act with which he is charged, either maliciously or with an evil intent or a bad or corrupt purpose, then you cannot find this defendant guilty."

We consider the court's oral charge as quoted below a more correct statement of the mental element of this statutory crime than that proposed by the defendant in his charge 16. The trial judge, addressing himself to this element, stated:

"* * * So, are you satisfied beyond all reasonable doubt, gentlemen, that this defendant did willfully or maliciously cause to be placed upon a public highway a substance or thing dangerous to persons or animals traveling thereon or which might injure or puncture the tires of any vehicle traveling thereon? Now, you will notice, gentlemen, that it says 'willfully or maliciously.' Willfully means simply this, gentlemen: The law recognizes that human beings have the power of exercising their brain in determining that they will or will not do something; and, if a person does an act, after thinking about it, and, exercising his will power and deciding he will do it, then that is a willful act. The law does not say that this act must be willfully and maliciously done, but it says it must be willfully or maliciously done, one or the other. A malicious act, gentlemen, is any wrongful act intentionally done without just cause or legal excuse."

For definitions of "willfully" see Johnson v. State, 61 Ala. 9; Williams v. State, 83 Ala. 68, 3 So. 743; Ex parte Allen, 241 Ala. 137, 2 So.2d 321; Robinson v. State, 7 Ala.App. 172, 62 So. 303; Padgett v. State, 36 Ala. App. 355, 56 So.2d 116.

■ Accordingly, we are at the conclusion, after a careful consideration of the entire record, that the judgment of the court below is due to be affirmed and the defendant should pay the fine of $1 assessed against him by the jury, or else perform the alternate sentence prescribed by statute in lieu of said fine and for the payment of costs.

Affirmed.