TYSON, Judge.
The appellant, in a two-count indictment, was charged with perjury, pursuant to the provisions of Title 14, Section 377, Code of Alabama 1940. The State dismissed Count II, and the jury returned a verdict of “guilty as charged.” The trial court then entered judgment, setting sentence at five years imprisonment.
This case arose from an investigation by the Sheriff’s Department in Talladega County into a homicide, which allegedly took place on September 9, 1974, at Davidson’s Grocery about three miles out the Ashland Highway in Talladega County, Alabama.
Succinctly stated, in the course of the investigation, and based on reports given to Sheriff H. E. Mitchell of Talladega County, the appellant was called into the Sheriff’s Office at about 4:25 on the afternoon of October 31, 1974. At this time, Mrs. Sally H. Mitchell,[1] Secretary to the District Attorney, Honorable W. E. Hollingsworth, Jr., was brought into the Sheriff’s Office, and she there administered to the appellant, Jackie Oglesby, an oath after the appellant was given a full Miranda warning by Sheriff Mitchell. At that time, the appellant gave a full statement in which he admitted driving one Douglas Bridges to Davidson’s Grocery, about 3:30 on the afternoon of September 9, 1974, where they stopped and Bridges went inside to get some beer. The statement indicates that Oglesby heard a shot and saw Bridges running out the door with a paper sack and a pistol in his hand. He stated that Bridges jumped in the car and stated “Let’s go,” and the parties drove away toward Ashland.
Oglesby, in his statement, indicates that Bridges told him “I shot Davidson,” that he replied to Bridges “I don’t want no part of this ... I don’t want none of the money.” Bridges stated, “I didn’t mean to do it.” Oglesby stated that they drove near a creek and stopped, and that Bridges got out and walked toward the creek. When Bridges returned, he no longer had the pistol, but did have the sack and said, “Let’s go home.” He stated that they drove back in the general direction of Talladega, near Bridges’ home, and that they heard an ambulance, that they then saw police cars go by, and that they followed them out toward Davidson’s store. He said that one of the officers asked them to move their car so that they could put a body in the ambulance, that someone had been knocked in the head. He said after moving his car the two men got in his automobile and drove back to Talladega.
The statement also indicates that the two men were picked up about two weeks later by the City of Talladega police, and while in jail, Bridges called to him from his cell and said, “If you would have hit him harder, I *379 would not have had to kill him,” to which Oglesby replied, “Don’t talk about it, somebody will hear you.”
The homicide case was called for preliminary hearing on the 23rd of December, 1974, before Judge John Coleman. The appellant, Jackie Oglesby, was at this time placed under oath, and in this testimony he recanted, and stated that he had lied when he told Sheriff Mitchell that “he and Douglas Bridges had been out to Davidson’s Store about 3:30 on the afternoon of September 9, 1974,” and that all that was stated in the statement was not true, except for the part where he and Bridges went out there late that afternoon after hearing an ambulance and saw the sheriff bringing a body out on a stretcher.
This transcript of the preliminary hearing also shows that in view of Oglesby at the preliminary hearing, the State would not be able to make out a prima facie case against Douglas Bridges and moved the court to dismiss the case, which was granted.
The two-count indictment in the case at bar charges the appellant with willfully making a false statement under oath at preliminary hearing before Judge Coleman when he stated that he had only been out to Davidson’s Grocery on one occasion and admitted giving the District Attorney’s Office, through the sheriff, false statements on a prior occasion. Count II charges the appellant with perjury in giving a false statement under oath before Mrs. Sally H. Mitchell and Sheriff A. J. Mitchell in which he implicated himself and Douglas Bridges in the robbery and homicide at Davidson’s Grocery in Talladega County on September 9, 1974.
The complete transcript of the preliminary ’ hearing before Judge Coleman was stipulated into the evidence by the parties through their attorneys, and Judge Coleman testified that the appellant was under oath when he testified at preliminary hearing. Also, identified by Judge Coleman were an affidavit and warrant sworn out before him on October 31, 1974, by one Melvin L. Davidson, which charged Jefferson Douglas Bridges with the first degree murder of Harold Purvis Davidson by shooting him with a pistol.
Mrs. Sally Mitchell testified that she was the wife of one James Mitchell, and for twelve years had been employed as secretary to the District Attorney of Talladega County, Alabama. She stated that she and her husband were not related in any way to Sheriff H. E. Mitchell. She testified that shortly before 4:00 on the afternoon of October 31, 1974, Sheriff Mitchell asked her to come into his office to take a statement, and that she went in, that the sheriff brought in the appellant, Jackie Oglesby, and that she got everything ready to take the statement. She testified that the appellant dictated a statement to her, but before taking the statement Sheriff Mitchell read the appellant the full Miranda warning and also asked him if he was doing this of his own accord and if there had been any threats made to him. The appellant replied in the affirmative that he was making the statement of his own accord and stated that there had been no threats made to him. Mrs. Mitchell then had the appellant raise his right hand and she administered a full oath (R. p. 74) before taking down the appellant’s statement. Mrs. Mitchell further testified that at the conclusion of the statement, and after having typed it up, she administered the oath a second time after giving the appellant an opportunity to read the statement before he signed it. The appellant’s full statement, as dictated to Mrs. Mitchell on October 31, 1974, and signed by him in her presence and in the presence of Sheriff Mitchell, was then placed in evidence without objection.
After signing this statement, Mrs. Mitchell testified that Melvin L. Davidson, the father of the deceased, Harold Davidson, came into the Sheriff’s Office, and that the appellant then got up and extended his hand to shake hands. He asked Mr. Davidson not to have any hard feelings, at which time Mr. Davidson asked Oglesby the question, “Did that boy kill my boy,” to which the appellant replied, “Yes,” and further that “You came out to the car when we had come back the second time, and the boy *380 sitting by the window where you came to was the boy.!’ This statement was duly corroborated by the testimony at trial through Sheriff H. E. Mitchell, and also the District Attorney’s secretary, Mrs. Mitchell, who took the statement. The sheriff testified that he had had information through an inmate at the jail, one John Williams, and also through a Mrs. Allen, who had overheard the appellant and Bridges talking, that the two of them were involved in the Davidson’s Grocery robbery, and this was the basis of his talking with the appellant on the afternoon of October 31, 1974. At the close of the State’s case, the appellant made a motion to exclude and also requested, in writing, the affirmative charge, both of which were overruled.
At this point in the proceedings, it was determined that the mother of the appellant had come into a restroom inside the jury room during a recess, and while in there had made the statement within the hearing of several jurors, “I am Jackie’s mother, he don’t lie, the State lied.”
At this point the court called each individual juror and asked each if they had overheard this statement, and if they had overheard the statement, could they put this completely out of their minds before reaching a verdict.
Each of the twelve jurors testified that they could put this out of their mind in arriving at their verdict, and that they would follow the instructions of the trial judge in this regard. Not all of the jurors had overheard Mrs. Oglesby’s statement, but several had. After a full hearing on this question, the trial court then overruled the appellant’s motion for a mistrial based on this incident (R. p. 126). The State then elected to nolle prosse and dismiss Count II (R. p. 130) (the testimony in the sworn affidavit), and the cause was submitted to the jury.
I
Former Presiding Judge Carr, in Padgett v. State, 36 Ala.App. 355, 56 So.2d 116, in discussing willfulness in a perjury prosecution observed:
“A ‘willful’ act may be described as one ‘done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly or inadvertently.’ Lobdell Car Wheel Co. v. Subielski, Del., 2 W.W.Harr. 462, 125 A. 462, 464. “The court held in Grebe v. State, 112 Neb. 715, 201 N.W. 143, that the word corruptly when used in a statute generally imports a wrongful design to acquire some unauthorized advantage.
“In the case of U. S. v. Edwards, C.C., 43 F. 67, the court held in effect that the word corruptly as used in an indictment for perjury is not synonymous with willfully, since the former means viciously, wickedly, while the latter means with design or with some degree of deliberation.”
A defendant cannot be convicted of perjury on the uncorroborated evidence of a single witness. McDaniel v. State, 13 Ala.App. 318, 69 So. 351.
As stated by Judge Harris, in Broadway v. State, 52 Ala.App. 249, 291 So.2d 338:
“To authorize a conviction for perjury, as detestable as that crime is, there must be two witnesses, or one witness with strong corroboration. There can be no conviction of the crime of perjury on the unaided testimony of a single witness. This would be oath against oath. Peterson v. State, 74 Ala. 34. . . . ”
As noted in Williams v. State, 34 Ala.App. 462, 41 So.2d 605:
“The applicable general rule is found in 48 C.J., Perjury, Sec. 166, p. 900: ‘A statement of accused, directly contradicting that upon which the perjury is assigned, is not sufficient evidence of the falsity of the latter, but other additional extrinsic evidence is necessary to establish its falsity.’ See also, 41 Am.Jur., Perjury, Sec. 66, p. 36.”
In the instant case, it was incumbent upon the State to establish the proper corroboration of the appellant’s contradictory statement. The law demands that this be *381 done by the testimony of more than one witness, or one with strong corroboration. Capps v. State, 29 Ala.App. 192, 194 So. 689; Knight v. State, 30 Ala.App. 97, 1 So.2d 668.
The proper corroboration was here established through the testimony of Mrs. Sally H. Mitchell, secretary to District Attorney Hollingsworth, and by Sheriff H. E. Mitchell. In view of this, the trial court properly determined that the State had made out a prima facie case and properly overruled the appellant’s motion to exclude the evidence. Knight v. State, 30 Ala.App. 97, 1 So.2d 668, cert. denied 241 Ala. 152, 1 So.2d 669.
II
In view of the sharp conflict in appellant’s statements, the trial court correctly submitted the issue of the appellant’s guilt to the jury. The affirmative charge, requested by the appellant, was correctly refused. Johnson v. State, 25 Ala.App. 365, 146 So. 627; Singleton v. State, 29 Ala.App. 303, 195 So. 459; Knight, supra.
We have carefully reviewed this record and find no error therein. The judgment of the trial court is due to be and the same is hereby
Affirmed.
All the Judges concur.

. Mrs. Mitchell stated that she was acting as a duly authorized notary public in administering the oath, and that her commission was in full force and effect at the time.