On Rehearing
TYSON, Judge.
The appellant, Patricia Ann McGinnis, was indicted on a charge of perjury. The Jury’s verdict and judgment set sentence at three years imprisonment.
The appellant testified as an alibi witness for one Gary Smith at a rape trial that Smith had been with her from the early afternoon of December 20, 1974, until the early morning of December 21, 1974, and that they had driven around and had been near the Hubbard Oil Company site on U.S. Highway 78.
As part of this alibi testimony, the appellant also stated that she and Smith had gone by a place known as the “Beach Ball,” and that Smith had not left her presence during this period of time. This sworn testimony from the rape trial was placed in evidence at the perjury trial through Mrs. Mary Lambert, Official Court Reporter.
George L. Honeycutt testified that he lived in the City of Anniston, Alabama, on December 20,1974. He testified that Patricia Ann McGinnis had relieved him at their place of employment, the “Zippy Mart,” about 7:00 p. m. that evening. He stated that as this store was open twenty-four hours a day, he and Mrs. McGinnis took turns relieving each other.
Jim Bankston testified he was a supervisor of “Zippy Mart of Alabama.” He identified his payroll record and work sheet for Store No. 657, in Anniston, where Mrs. McGinnis was employed. He stated that this record showed Mrs. McGinnis at work on the evening of December 20, 1974, and that she had signed the time chart, so indicating. This record was then placed in evidence.
I
This cause was affirmed on June 15,1976, without opinion.
Because the Supreme Court of Alabama rendered an opinion in Oglesby v. State, 337 So.2d 381, on July 2, 1976, we render this opinion in the instant case.
The testimony of the State’s witnesses clearly established the “corpus delicti of perjury” by showing Mrs. McGinnis’s whereabouts on the evening of December 20-21, 1974. Bradford v. State, 134 Ala. 141, 32 So. 742.
Clearly the proper corroboration was here established by the State’s witnesses. Knight v. State, 30 Ala.App. 97, 1 So.2d 668, cert. den. 241 Ala. 152,1 So.2d 669; Oglesby v. State, supra.
The prospective operation of Oglesby, supra, does not affect this case.
We have carefully examined this record and find the same free of error. The judgment is therefore
AFFIRMED, APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.